UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERMAN R. PALENCIA (A-071-580-050), | No. 1:26-cv-1058 DJC CSK |
| Petitioner, | |
| v. | |
| WARDEN OF THE GOLDEN STATE ANNEX DETENTION FACILITY, et al., | ORDER AND FINDINGS AND RECOMMENDATIONS |
| Respondents. | |

Petitioner German R. Palencia (A-071-580-050), a native and citizen of Guatemala who is proceeding without counsel, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1]  In December 2004, petitioner was admitted to the United States as a lawful permanent resident.  On July 19, 2025, petitioner was detained by U.S. Immigration and Customs Enforcement ("ICE") officials.  ICE initiated removal proceedings against petitioner based on his criminal convictions.  This habeas action concerns petitioner's detention.  For the reasons that follow, the Court recommends that the petition for writ of habeas corpus be granted.

---

[1]  Petitioner is proceeding in forma pauperis and without counsel.  This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(17).

1

## I.    FACTUAL BACKGROUND

In December 2004, petitioner was admitted into the United States as a lawful permanent resident.  (ECF No. 12-3 at 1.)  On November 17, 2017, petitioner pled guilty to two counts of continuous sexual abuse of a minor in violation of California Penal Code § 288.5(a).  (ECF No. 12-2 at 29-32; ECF No. 12-3 at 1.)  Petitioner acknowledged the immigration consequences of his plea including the risk of deportation.  (ECF No. 12-2 at 31.)  Petitioner was sentenced to twelve years in prison for these offenses.  (Id. at 33.)  Petitioner was also required to register as a sex offender for life due to these convictions.  (Id. at 34.)

On July 19, 2025, upon the completion of his sentence, the R.J. Donovan Correctional Facility in San Diego, California transferred the custody of petitioner directly to ICE.  (ECF No. 12-1 at 2.)  On July 19, 2025, petitioner was issued a Notice to Appear charging petitioner with being subject to removal under (1) Immigration and Nationality Act ("INA") section 237(a)(2)(A)(iii), 8 U.S.C. § 1227(a)(2)(A)(iii), as having been convicted of an aggravated felony as defined in INA section 101(a)(43)(A), 8 U.S.C. § 1101(a)(43(A), a law relating to murder, rape, or sexual abuse of a minor, and (2) INA section 237(a)(2)(A)(ii), 8 U.S.C. § 1227(a)(2)(A)(ii), as having been convicted of two crimes involving moral turpitude not arising out of a single scheme of criminal conduct.  (ECF No. 12-3 at 1-4.)

On September 11, 2025, the Department of Homeland Security ("DHS") submitted to the Immigration Court evidence to support the charges in the Notice to Appear.  (ECF No. 12-2.)  On January 14, 2026, the Immigration Judge found that petitioner was removable under both charges in the Notice to Appear and ordered petitioner's removal to Guatemala.  (ECF No. 12-4 at 3-7.)  On February 9, 2026, the Board of Immigration Appeals ("BIA") received petitioner's appeal of his removal order.  (ECF No. 12-5.)  Petitioner's appeal to the BIA remains pending.

## II.    PROCEDURAL BACKGROUND

On February 6, 2026, petitioner filed his petition for writ of habeas corpus, a motion to proceed in forma pauperis, and a motion to appoint counsel.  (ECF Nos. 1-3.)  On February 10, 2026, the district judge referred the matter to the assigned magistrate judge for all further proceedings.  (ECF No. 5.)  Because his original petition was not signed, petitioner was ordered

to submit a signed copy of his petition.  (ECF No. 8.)  On February 23, 2026, petitioner filed his signed petition for writ of habeas corpus.  (ECF No. 10.)  On March 2, 2026, respondents timely filed an answer to the petition.  (ECF No. 12.)  Petitioner did not file a reply/traverse.  (See Docket.)  Briefing is now complete.

### III.   LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States."  Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2).  "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."  Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).  A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law.  28 U.S.C. § 2241(c)(3).  Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest."  I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001).  A district court's habeas jurisdiction includes challenges to immigration detention.  See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

### IV.   DISCUSSION

Petitioner challenges his continued detention based on the violation of the following: (1) petitioner's prolonged detention violates the Fifth Amendment procedural due process clause;[2] (2) third country removal policies violate the Fifth Amendment, 8 U.S.C. § 1231, the Convention Against Torture, Implementing Regulations and the Administrative Procedures Act; and (3) punitive third country banishment violates the Eighth and Fifth Amendments.[3]  (ECF No. 10 at 15-18.)  Respondents argue that petitioner is subject to mandatory detention under 8 U.S.C.

---

[2]   Because petitioner is proceeding pro se and pro se pleadings are liberally construed, the Court construes petitioner's claim as a Fifth Amendment due process claim challenging his detention, and not limited to a claim challenging his detention pursuant to 8 U.S.C. § 1231.  The Court also notes that respondent acknowledges that § 1231 does not apply to petitioner.  (See ECF No. 12 at 4.)

[3]   The form petition also includes a fourth claim for relief based on violation of 8 C.F.R. § 241.13, but petitioner does not appear to be pursuing this claim for relief where the form petition box is not checked for this claim and where petitioner is not subject to a release order or a final order of removal.  (See ECF No. 10 at 18-20.)

§ 1226(c)(1)(B), as he is a deportable for being convicted of an aggravated felony defined by 8 U.S.C. § 1101(a)(43)(F), and because he has multiple convictions for crimes involving moral turpitude that did not arise out of the same scheme of criminal conduct.  (ECF No. 12 at 1, 3-4.)

### A.    Due Process Claim (Claim One)

In analyzing petitioner's challenge to his detention, the court "must first  identify the statutory provision that purports to confer" authority for his detention.  Prieto-Romero v. Clark, 534 F.3d 1053, 1057 (9th Cir. 2008).  The Court concludes that petitioner is detained pursuant to 8 U.S.C. § 1226(c)(1)(B) because he is subject to removal pursuant to (1) 8 U.S.C. § 1227(a)(2)(A)(iii) based on his criminal convictions under California Penal Code § 288.5(a) for continuous sexual abuse of a minor, an aggravated felony; and (2) 8 U.S.C. § 1227(a)(2)(A)(ii) based on his conviction of two crimes involving moral turpitude not arising out of a single scheme of criminal conduct.  To the extent petitioner contends that he is detained pursuant to 8 U.S.C. § 1231(a), this is incorrect.  Petitioner is not detained pursuant to 8 U.S.C. § 1231(a) because his removal order is not administratively final where his appeal to the BIA is pending.  See Ocampo v Holder, 629 F.3d 923, 926 (9th Cir. 2010) (citing 8 U.S.C. § 1101(a)(47)(B)) (an order of removal becomes final "only upon the earlier of (i) a BIA determination affirming the order or (ii) the expiration of the deadline to seek the BIA's review of the order.").  Pursuant to § 1226(c), "detention is mandatory, and a noncitizen of the United States … therefore is not statutorily entitled to a bond hearing."  Avilez v. Garland, 69 F.4th 525, 529 (9th Cir. 2023); see 8 U.S.C. § 1226(c)(1); Jennings v. Rodriguez, 583 U.S. 281, 303 (2018).

This does not end the inquiry, however, because petitioner has raised a due process claim.  While the Supreme Court has rejected a facial challenge to mandatory detention under § 1226(c) in Demore v. Kim, 538 U.S. 510 (2003), an as applied challenge is not foreclosed and Justice Kennedy's concurring opinion in Demore specifically noted that "since the Due Process Clause prohibits arbitrary deprivations of liberty, a lawful permanent resident alien such as [Kim] could be entitled to an individualized determination as to his risk of flight and dangerousness if the continued detention became unreasonable or unjustified."  Id. at 532.  In addition, "[t]he Ninth Circuit has yet to take a position on whether due process requires a bond hearing for noncitizens

detained under 8 U.S.C. § 1226(c)." Loba L.M. v. Andrews, et al., No. 1:25-cv-00611-JLT-SAB, 2025 WL 2939178, at *4 (E.D. Cal. Oct. 16, 2025), report and recommendation adopted, 2025 WL 3187577 (E.D. Cal. Nov. 14, 2025); see Avilez, 69 F.4th at 538 (declining to determine whether due process requires a bond hearing for noncitizens detained pursuant to § 1226(c)). "Although the Ninth Circuit has yet to take a position on whether due process requires a bond hearing for noncitizens detained under 8 U.S.C. § 1226(c), the First, Second, and Third Circuits have found that 'the Due Process Clause imposes some form of 'reasonableness' limitation upon the duration of detention ... under [section 1226(c)].'" Loba L.M., 2025 WL 2939178, at *5 (quoting Reid v. Donelan, 17 F.4th 1, 7 (1st Cir. 2021); citing Black v. Decker, 103 F.4th 133, 138 (2d Cir. 2024) ("conclud[ing] that a noncitizen's constitutional right to due process precludes his unreasonably prolonged detention under section 1226(c) without a bond hearing"); German Santos v. Warden Pike Cnty. Corr. Facility, 965 F.3d 203, 209-10 (3d Cir. 2020) (holding that after Demore and Jennings, petitioners detained pursuant to § 1226(c) can still bring as-applied challenges to their detention and that due process affords them a bond hearing once detention becomes unreasonable)). "[E]ssentially all district courts that have considered the issue agree that prolonged mandatory detention pending removal proceedings, without a bond hearing, 'will—at some point—violate the right to due process.'" Martinez v. Clark, No. 2:18-cv-01669-RAJ, 2019 WL 5968089, at *6 (W.D. Wash. May 23, 2019), report and recommendation adopted, 2019 WL 5962685 (W.D. Wash. Nov. 13, 2019) (citation omitted); see also Loba L.M., 2025 WL 2939178, at *5. This Court joins other courts that have found that unreasonably prolonged detention pursuant to § 1226(c) without a bond hearing can violate due process. See Keo v. Chestnut, et al., No. 1:26-CV-01192-DJC-CSK, 2026 WL 747117, at *2 (E.D. Cal. Mar. 17, 2026); Loba L.M., 2025 WL 2939178, at *5.

The Due Process Clause protects persons in the United States from being deprived of life, liberty, or property without due process of law. U.S. Const. amend. V. "It is clear that commitment for any purpose constitutes a significant deprivation of liberty that requires due process protection." Foucha v. Louisiana, 504 U.S. 71, 80 (1992). "[T]he Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is

lawful, unlawful, temporary, or permanent." Zadvydas, 533 U.S. at 693.  "The Due Process clause applies to noncitizens in this country in connection with removal proceedings, even if their presence is unlawful or temporary."  Tinoco v. Noem, 2025 WL 3567862, at *5 (E.D. Cal. Dec. 14, 2025) (citing Zadvydas, 533 U.S. at 690).

The court analyzes petitioner's due process claim "in two steps:  the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution."  Garcia v. Andrews, 2025 WL 1927596, at *2 (E.D. Cal. July 14, 2025) (citing Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 460 (1989)).  The Court concludes that petitioner has a protected liberty interest in his freedom from detention.  See Keo, 2026 WL 747117, at *2 (concluding clear liberty interest in freedom from detention where petitioner was detained pursuant to § 1226(c) for over 37 months).  Petitioner has been detained over eight months since July 2025, and faces prolonged detention during his appeal to the BIA and further potential judicial review.  This also exceeds the time period the Supreme Court noted in Demore: "the detention at stake under § 1226(c) lasts roughly a month and a half in the vast majority of cases in which it is invoked, and about five months in the minority of cases in which the alien chooses to appeal."  Demore, 538 U.S. at 530.

Next, the court turns to what procedures are necessary to ensure that the deprivation of the protected liberty interest meets the demands of the Constitution.  The Ninth Circuit has "regularly applied Mathews [v. Eldridge, 424 U.S. 319 (1976)], to due process challenges to removal proceedings."  Rodriguez Diaz v. Garland, 53 F.4th 1189, 1206 (9th Cir. 2022); see also Hernandez v. Sessions, 872 F.3d 976, 993 (9th Cir. 2017) (applying Mathews factors in immigration detention context).  In applying the Mathews test to a procedural due process claim challenging immigration detention, the Ninth Circuit explained that "Mathews remains a flexible test that can and must account for the heightened governmental interest in the immigration detention context."  Rodriguez Diaz, 53 F. 4th at 1206-07 (citations omitted).  Under Mathews, the Court considers three factors: (1) the private interest affected; (2) the risk of an erroneous

deprivation; and (3) the government's interest.[4]  Mathews, 424 U.S. at 335.

First, petitioner has a clear interest in remaining free from detention.  "Freedom from imprisonment -- from government custody, detention, or other forms of physical restraint -- lies at the heart of the liberty that [the Due Process] Clause protects."  Zadvydas, 533 U.S. at 690 (citing Foucha, 504 U.S. at 80 ("Freedom from bodily restraint has always been at the core of the liberty protected by the Due Process Clause.); Hernandez, 872 F.3d at 981 ("[T]he government's discretion to incarcerate non-citizens is always constrained by the requirements of due process.").  While petitioner's detention for over eight months is not as lengthy as other similar cases, the length of future detention is unknown and indefinite where his appeal to the BIA is pending and was received on February 9, 2026, he does not yet have a final removal order, further judicial review is available after the BIA appeal.  (See ECF No. 12-5 at 1 (BIA filing receipt of appeal on February 9, 2026).)  In addition, the record before the Court does not indicate whether there have been any delays caused by either the petitioner or the government.  The first factor therefore weighs in petitioner's favor.

Second, "[t]he risk of an erroneous deprivation [of liberty] is high" when "[the petitioner] has not received any bond or custody redetermination hearing."  See A.E. v. Andrews, 2025 WL 1424382, at *5 (E.D. Cal. May 16, 2025).  Civil immigration detention, which is "nonpunitive in purpose and effect[,]" is typically justified under the Due Process Clause only when a noncitizen presents a risk of flight or danger to the community.  See Zadvydas, 533 U.S. at 690; Padilla v. ICE, 704 F. Supp. 3d 1163, 1172 (W.D. Wash. 2023).  Here, petitioner has been detained since July 2025 without a bond hearing to evaluate whether petitioner is a flight risk or a danger to the community.  It is not this Court's role to determine whether petitioner is a danger or flight risk,

---

[4]  "District courts within this Circuit have adopted a variety of multi-factor tests for determining at what point a noncitizen detained pursuant to a mandatory detention statute is constitutionally entitled to a bond hearing."  Mohammed v. Warden of California City Detention Center, No. 1:26-cv-00118-DJC-CSK, 2026 WL 192368, at *3 (E.D. Cal. Jan. 26, 2026) (applying Matthews test to prolonged detention claim under § 1225(b)(1)).  Cf. Keo, 2026 WL 747117, at *2 (applying seven factor test from Martinez, 2019 WL 5968089, at *7, to prolonged detention claim under § 1226(c)).  As the considerations in the various multi-factor tests are relevant to the due process analysis, the Court will address them within the Mathews framework.

and a neutral arbiter may very well determine that petitioner is a danger given the seriousness of his underlying convictions that make him removable and his prior criminal history.

As to the third Mathews factor, this Court recognizes that the government has an interest in enforcing immigration laws and in public safety, but respondent's interest in detaining petitioner without a hearing is "low." Ortega v. Bonnar, 415 F. Supp. 3d at 970; Doe v. Becerra, 787 F. Supp. 3d 1083, 1094 (E.D. Cal. Mar. 3, 2025). Detention hearings in immigration courts are routine, and impose a "minimal cost." Doe, 787 F. Supp. 3d at 1094. Overall, balancing these factors, the Court finds that petitioner is entitled to a bond hearing under the Due Process Clause where he has been detained for over eight months, his appeal to the BIA was recently filed and is still pending, and the length of his future detention is unknown where further judicial review is available and the removal order is not yet final. See also Jose G. M. L. v. Warden of the Golden State Annex Detention Facility, et al., No. 1:26-CV-0047-TLN-EFB, 2026 WL 472987, at *5 (E.D. Cal. Feb. 19, 2026) (granting preliminary injunctive relief for a bond hearing where the petitioner's detention under § 1226(c) exceeded six months).

**B.     Third Country Removal Claims (Claims Two and Three)**

In claim two, petitioner argues that third country removal policies violate the Fifth Amendment, 8 U.S.C. § 1231, the Convention Against Torture, Implementing Regulations and the Administrative Procedures Act. (ECF No. 10 at 16-17.) In claim three, petitioner argues that punitive third country banishment violates the Eighth Amendment. (Id. at 17-18.) In the answer, respondents argues that there is no indication that petitioner would be removed to a third country, especially because the removal order is not final. (ECF No. 12 at 6 n. 3.) Respondents argue that because there is no live case or controversy regarding petitioner's third country removal claims, this Court lacks jurisdiction to order relief concerning these claims. (Id.) The Court agrees. For the following reasons, this Court finds that petitioner lacks standing to raise his claims challenging third country removal policies and procedures.

To establish Article III standing, a party must allege an injury that is "concrete and particularized," "actual or imminent," and likely to be "redressed by a favorable" judicial decision. Lujan v. Defs. of Wildlife, 504 U.S. 555, 560-61 (1992). The petition appears to be a

form petition and the record before the Court does not indicate that third country removal is at issue.  (See ECF Nos. 10, 12, 12-1, 12-2, 12-3, 12-4, 12-5.)  Because nothing before the Court shows any basis for petitioner's third country removal claims, this Court finds that petitioner lacks standing to raise his third country removal claims at this time and those claims should be denied.

## V.      MOTION FOR APPOINTMENT OF COUNSEL

Petitioner filed a motion for appointment of counsel.  (ECF No. 3.)  There currently exists no absolute right to appointment of counsel in habeas proceedings.  See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996).  Under 18 U.S.C. § 3006A, the court can appoint counsel at any stage of the case "if the interests of justice so require."  See Rule 8(c), Fed. R. Governing § 2254 Cases.  Because the Court recommends the petition be granted and petitioner receive a bond hearing, the Court does not find the interests of justice require appointment of counsel at the present time.  Petitioner's motion to appoint counsel is therefore denied without prejudice.

## VI.     CONCLUSION

Accordingly, IT IS HEREBY ORDERED that petitioner's motion for appointment of counsel (ECF No. 3) is DENIED WITHOUT PREJUDICE; and

IT IS HEREBY RECOMMENDED that:

1.  The petition for writ of habeas corpus (ECF No. 10) be GRANTED as to claim one (due process), and DENIED as to claims two and three (third country removal).

2.  Respondent be ordered to provide petitioner German R. Palencia (A-071-580-050) with a bond hearing before a neutral decisionmaker within **fourteen (14) days** of the adoption of these findings and recommendations where the government bears the burden of establishing by clear and convincing evidence that petitioner poses a danger to the community or a risk of flight.

3.  Because petitioner is proceeding pro se, respondent be further directed to file a status report within seven (7) days from the date of the bond hearing.

4.  The Clerk of the Court be directed to enter judgment in favor of petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **seven days** of the date of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within **seven** days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  March 24, 2026

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

csk/pale1058.157.imm.frs/2

10